**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30304 |
| Plaintiff-Appellee, | D.C. No. 6:14-cr-00008-CCL-1 |
| v. | |
| WILLIAM DAVID HESELIUS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted December 6, 2016[**]
Seattle, Washington

Before: McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

William Heselius appeals his conviction following his conditional guilty

plea to being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1). Prior to his plea, Heselius moved to suppress all evidence obtained in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the March 25, 2014, search of his residence pursuant to a search warrant. Heselius claimed that the warrant was invalid because it was dependent on information gathered during an unconstitutional traffic stop. The district court referred the motion to a United States magistrate judge. The magistrate found the stop unconstitutional, but excised the tainted information from the stop and found the remaining affidavit sufficient to justify issuance of the warrant. The district court adopted the Findings and Recommendations of the United States Magistrate Judge in full and denied Heselius's motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

As the government correctly concedes, a remand is necessary under *Murray v. United States*, 487 U.S. 533 (1988). *Murray* requires the district court to determine whether Detective Finnicum's "decision to seek the warrant was prompted by what [Deputy Sheriff Pandis] had seen during the [traffic stop], or if information obtained during [the stop] was presented to the Magistrate and affected his decision to issue the warrant." 487 U.S. at 542 (footnote omitted) (citation omitted). While Heselius does not challenge *Murray*'s second prong here, the district court failed to make any factual findings with respect to whether the unconstitutional traffic stop prompted the decision to seek a warrant. And without

2

such a finding, the district court could not determine whether the "warranted search was genuinely derived from a source independent of the unlawful [traffic stop]." *United States v. Holzman*, 871 F.3d 1496, 1513 (9th Cir. 1989), *abrogated on other grounds by Horton v. California*, 496 U.S. 128 (1990).

**VACATED AND REMANDED.**