**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-30201 |
| Plaintiff-Appellee, | D.C. No.<br>1:18-cr-00110-SPW-1 |
| v. | |
| JERMAINE DAVID RICHARDSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted July 10, 2020[**]
Portland, Oregon

Before:  M. MURPHY,[***] BENNETT, and MILLER, Circuit Judges.

Defendant Jermaine Richardson appeals the district court's denial of his

motion to suppress evidence obtained during a search of his residence.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

In June 2018, police officers located a stolen vehicle parked outside a trailer. Officers knew that Richardson, who was a suspect in pending investigations involving drug offenses and sex trafficking, resided in the trailer. Officers learned that the stolen vehicle was associated with a missing female juvenile runaway. Two officers knocked on the front door of the trailer while another officer went to the back. Richardson opened the front door and the officers smelled marijuana. Richardson told an officer the juvenile female was in the trailer.

The officer stationed at the back of the trailer also smelled marijuana. After the police knocked on the front door and announced their presence, two males ran out the back door past the officer, who identified himself as police and yelled for them to stop. The two continued to run, and the officer chased them. Police apprehended one and recognized him from a previous encounter in which he had a large amount of marijuana and a stolen firearm.

The three officers reconvened at the trailer. The commanding officer testified that he then believed there was probable cause to obtain a search warrant, and that the officers decided to first secure the trailer and conduct a protective sweep "pending a search warrant application." They instructed the occupants of the trailer to exit, and six people—including Richardson and the juvenile female— came out. During the sweep, an officer observed a semi-automatic handgun in

2

plain view but did not seize it.

Officers then applied for a search warrant. The affidavit included the following: "While performing the security sweep and removing the occupants from the residence, officers observed illegal drugs in the form of marijuana in plain view throughout the residence along with [a] black semi-automatic pistol. Richardson is currently a convicted felon and prohibited from possessing any firearms." After the warrant was issued, officers searched the trailer a second time and seized the handgun, suspected marijuana, and other evidence. Richardson was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Richardson moved to suppress evidence from the trailer, arguing it was tainted by the initial warrantless search. The magistrate judge recommended denying the motion, explaining that "evidence of the handgun was obtained through an independent source." The district court adopted the magistrate judge's findings and recommendation in full and denied the motion to suppress. Richardson entered a conditional guilty plea and now appeals from the district court's denial of his motion to suppress.

We review de novo the denial of a motion to suppress and review the underlying factual findings for clear error. *United States v. Perea-Rey*, 680 F.3d 1179, 1183 (9th Cir. 2012). A district court's "adoption of the findings of a federal magistrate judge [is] reviewed for clear error." *Seidel v. Merkle*, 146 F.3d 750, 753

(9th Cir. 1998). Here, the district court correctly determined that the evidence from the trailer was admissible under the independent source doctrine.

A warrantless entry and search of a private residence is presumptively illegal under the Fourth Amendment. *United States v. Iwai*, 930 F.3d 1141, 1144 (9th Cir. 2019). The exclusionary rule "prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence [seized during an unlawful search], or that is otherwise acquired as an indirect result of the unlawful search." *Murray v. United States*, 487 U.S. 533, 536–37 (1988). The exclusionary rule does not apply, however, if "the Government learned of the evidence from an independent source." *Segura v. United States*, 468 U.S. 796, 805 (1984) (citation and internal quotation marks omitted). When evidence is "initially discovered during an illegal search, but is subsequently acquired" through a lawful search, the court asks "whether the search pursuant to warrant was in fact a genuinely independent source of the information and tangible evidence at issue." *Murray*, 487 U.S. at 539, 542. In *Murray*, the Supreme Court explained that the subsequent lawful search cannot be an independent source (1) "if the agents' decision to seek the warrant was prompted by what they had seen during the initial

entry," or (2) "if information obtained during that entry was presented to the Magistrate and affected his decision to issue the warrant." *Id.* at 542.

First, the district court did not clearly err when it found that the officers' observations during the initial entry did not prompt their decision to seek a search warrant. The officers testified that they had decided there was probable cause for a warrant before the initial search, and that they otherwise "wouldn't have secured the residence pending a search warrant application." *See United States v. Salas*, 879 F.2d 530, 538 (9th Cir. 1989). Richardson's reliance on the unpublished disposition in *United States v. Heselius*, 671 F. App'x 518 (9th Cir. 2016), is misplaced. In *Heselius*, the panel remanded the case because "the district court failed to make any factual findings with respect to whether the unconstitutional traffic stop prompted the decision to seek a warrant." *Id.* at 519. By contrast, the district court here did make the requisite factual finding that the officers' observations during the warrantless entry did not prompt their decision to seek a warrant.

Second, we conclude that after excising the evidence discovered during the initial search, the remaining information in the search warrant affidavit was sufficient to "provide a neutral magistrate with probable cause to issue a warrant." *United States v. Heckenkamp*, 482 F.3d 1142, 1149 (9th Cir. 2007) (citation

5

omitted).[1]  The warrant application stated, among other things, that the officers were familiar with both the residence and Richardson, the officers knew Richardson was a suspect in ongoing investigations, the trailer smelled of marijuana, there was a stolen vehicle parked outside the residence, a missing juvenile had been inside the trailer, and two occupants of the trailer—one of whom was known to the officers—fled when the police announced their presence.  This evidence is more than sufficient to establish probable cause to search the trailer for evidence of criminal activity, including possession of marijuana.  *See United States v. Reed*, 15 F.3d 928, 933–34 (9th Cir. 1994).  Thus, the warranted search provided an independent source for the evidence, and the district court did not err in denying the motion to suppress.

**AFFIRMED.**

---

[1] We reject Richardson's argument that the government needed to present testimony from the judge who had issued the warrant that he or she would have issued it absent the excised information.  The standard is as stated in *Heckenkamp*.